IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CORA HOWELL                                                    PLAINTIFF


            v.                          CIVIL NO. 15-5037


CAROLYN W. COLVIN, Commissioner
Social Security Administration                                DEFENDANT


## MEMORANDUM OPINION

Plaintiff, Cora Howell, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on June 9, 2010, alleging an inability to work since July 10, 2008,[1] due to fibromyalgia, arthritis, degenerative bone disease, a cyst on the right foot, and right knee problems.  (Tr. 236, 243, 311).  On October 14, 2010, Plaintiff filed a Title II application for disabled widow's benefits.  (Tr. 247).  An

---

[1] At the administrative hearing held on October 3, 2011, Plaintiff, through her counsel amended her alleged onset date to April 17, 2009.  (Tr. 66).  In the January, 17, 2014, hearing decision, the ALJ used the original onset date for setting the relevant time period.  With respect to Plaintiff's SSI application, benefits are not payable for the period prior to the application.  See Cruse v. Bowen, 867 F.2d 1183, 1185 (8th Cir. 1989); 20 C.F.R. §§ 416.330, 416.335.

administrative hearing before an ALJ was held on October 3, 2011, at which Plaintiff appeared with counsel and testified.  (Tr. 59-101).

On November 18, 2011, the ALJ determined that Plaintiff was not disabled as there had been no continuous 12-month period during which Plaintiff had not engaged in substantial gainful activity. (Tr. 106-114).  Plaintiff appealed this decision.  (Tr. 181).

On June 17, 2013, the Appeals Council found Plaintiff had filed concurrent applications for DIB, widow's insurance benefits (disability), and SSI.  (Tr. 119-124).  The Appeals Council noted that while the hearing decision correctly addressed the widow's benefit claim, it did not adjudicate Plaintiff's Title II and XVI applications between the amended alleged onset date of April 17, 2009, through the date of the hearing decision.

On October 17, 2013, a supplemental administrative video hearing was held, at which Plaintiff appeared with counsel and testified.   (Tr. 24-55).

By written decision dated January 17, 2014, the ALJ found that Plaintiff did not engage in substantial gainful activity between July 10, 2008, and December 31, 2010.  (Tr. 14).  The ALJ further found that Plaintiff has continuously engaged in substantial gainful activity since December 31, 2010, through the date of the decision.  The ALJ found that during the relevant time period of July 10, 2008, and December 31, 2010, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14).  Specifically, the ALJ found Plaintiff had the following severe impairments: osteoarthritis of the hips, degenerative disc disease of the lumbar spine, and obesity.  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation

No. 4.  (Tr. 14).  The ALJ found for the time period of July 10, 2008, through December 31, 2010, Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally climb, balance, stoop, kneel, crouch, and crawl.

(Tr. 15).  With the help of a vocational expert, the ALJ determined that during the time period in question, Plaintiff could perform her past relevant work as a bit grinder, a press machine operator, and a plastic press molding machine tender.  (Tr. 17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 4, 2014.  (Tr. 1-3).  Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc.  8). Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 10, 11, 13).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th

Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

### III.   Discussion:

Plaintiff appears to argue that the ALJ improperly found that Plaintiff was performing substantial gainful activity starting December 31, 2010, and therefore failed to consider Plaintiff's medical records subsequent to the date she was found to be performing substantial gainful activity.

### A.    Substantial Gainful Activity:

As noted above, the Social Security regulations require the ALJ to follow a sequential procedure in analyzing disability claims. At the first step, the ALJ must determine whether the claimant is engaged in substantial gainful activity. If the ALJ finds a claimant is engaged in substantial gainful activity, then the claimant must be found not disabled regardless of medical condition, age, education, or work experience. See 20 C.F.R. § 404.1520(b). Substantial gainful activity is work that is both substantial and gainful. Substantial work activity is work that involves doing significant physical or mental activities. Gainful work activity is work activity that one does for pay or profit, whether or not a profit is realized. See 20 C.F.R. § 404.1572.  In determining whether a claimant is substantially gainfully employed, criteria such as the level of earnings from work is relevant. If a claimant has worked for substantial earnings, it will be presumed the claimant can perform substantial gainful activity. See 20 C.F.R. § 404.1574(a)(1). Earnings in excess of $1,000.00 per month for 2011, and $1010.00 per month in 2012 would be considered substantial gainful activity. See 20 C.F.R. § 404.1574(b)(2)(ii).[2]

---

[2] The Social Security Administration has determined the average monthly earnings amount which constitutes substantial gainful activity for years 1975–2010. These monthly earning amounts can be found at http://www.ssa.gov/OACT/COLA/SGA.html.

A review of the record reveals that Plaintiff's earnings were $11,810.97 per month in 2011 (monthly average of $984.25), and $12,832.20 per month in 2012 (monthly average of $1069.35). (Tr. 309). The record further reveals that during the October 17, 2013, administrative hearing, Plaintiff testified that for almost the past three years she had been a driver for a company that drove Medicaid and Medicare patients to and from doctor appointments. (Tr. 31). Plaintiff indicated that during this time she averaged about forty hours per week. Plaintiff testified that she usually drove a van, which sometimes included helping those in a wheelchair into and out of the van. The record also contains an employment form, completed by the business manager at Plaintiff's employer, indicating that Plaintiff's work was satisfactory and Plaintiff's earning were "fully worth the amount paid" to Plaintiff. (Tr. 371-372).

While Plaintiff's 2011 monthly earnings are $15.75 short of the average monthly earnings that would ordinarily demonstrate substantial gainful activity, these earnings, coupled with Plaintiff's testimony at the October 17, 2013, administrative hearing, and other evidence in the record, leads the Court to find substantial evidence to support the ALJ's determination that starting on December 31, 2010, Plaintiff was performing substantial gainful activity. See C.F.R. § 404.1574(b)(3)(ii) (the ALJ is allowed to consider other information in addition to earnings to determine if there is evidence indicating that a claimant may be engaging in substantial gainful activity).

The Court will now address the ALJ's finding with respect to Plaintiff's abilities to perform substantial gainful activity from the time of Plaintiff's amended alleged onset date, through December 31, 2010, the date Plaintiff started performing substantial gainful activity.

**B.      Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.  A review of the record reveals that during the time period in question, Plaintiff indicated that she was able to take care of her personal needs, prepare simple meals, do light house cleaning, drive a car, shop for groceries, pay bills, and go to the library.   In addressing Plaintiff's credibility, the ALJ also discussed the medical evidence in the record and found that it did not support the level of limitation alleged by Plaintiff.  Although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she was unable to engage in any gainful activity during the time period in question.  Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible for the time period in question.

**C.    RFC Assessment:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." Id.

In finding Plaintiff able to perform light work with limitations, the ALJ considered Plaintiff's subjective complaints, the medical records of her treating and examining physicians, and the evaluations of the non-examining medical examiners. Plaintiff's capacity to perform this level of work is supported by the fact that Plaintiff's examining physicians placed no restrictions on her activities that would preclude her performing the RFC determined during the relevant time period.  See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability.  After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

### D.     Past Relevant Work:

Plaintiff has the initial burden of proving that she suffers from a medically determinable impairment which precludes the performance of past work.  <u>Kirby v. Sullivan</u>, 923 F.2d 1323, 1326 (8th Cir. 1991).   Only after the claimant establishes that a disability precludes performance of past relevant work will the burden shift to the Commissioner to prove that the claimant can perform other work.  <u>Pickner v. Sullivan</u>, 985 F.2d 401, 403 (8th Cir. 1993).

According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if she retains the RFC to perform:

> 1.  The actual functional demands and job duties of a particular past relevant job; or
>
> 2.   The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

20 C.F.R. §§ 404.1520(e); S.S.R. 82-61 (1982); <u>Martin v. Sullivan</u>, 901 F.2d 650, 653 (8th Cir. 1990)(expressly approving the two part test from S.S.R. 82-61).

The Court notes in this case the ALJ relied upon the opinion of a vocational expert, who after reviewing the file, opined that Plaintiff's past relevant work as a bit grinder, a press machine operator, and a plastic press molding machine tender, were considered light work in the Dictionary of Occupational Titles. <u>See</u> <u>Gilbert v. Apfel</u>, 175 F.3d 602, 604 (8th Cir. 1999) ("The testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a severe impairment has the residual functional capacity to do past relevant work or other work") (citations omitted). Accordingly, the Court finds substantial evidence to support the ALJ's finding that Plaintiff

could perform her past relevant work as a bit grinder, a press machine operator, and a plastic press molding machine tender during the time period in question.

**IV.**     **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 3rd day of March, 2016.


/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE